PD-1091-14    2.3.15    (1)

Abel Acosta - Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 09 2015

Abel Acosta, Clerk

I humbly pray this letter finds your attention, and touches your heart.

I just recieved your letter saying that my P.D.R. has not been filed. I sent my timely P.D.R. on October 13, 2014 I solemly swear I sent a copy to you and Mike West at Smith Co. I sent these two letters at the same time on this date through the indigent Mail-Law Library of polunksy unit. I don't know why you didn't recieve a copy. I've asked the law library-mailroom, ect. of polunky unit, they wouldn't give me any aswers, I don't know what is going on, but I plead with you to accept this P.D.R. and restart my 1 year deadline, I got 3 exstentions to complete my brief and sent it in a timely manner 2 days before due date.

This is my only copy I got left of the brief I submitted on October 13th, 2014, I've been waiting for an answer for 4 months and decieded to write and see what was up, and I got this disturbing news of how I haven't had a P.D.R. Submitted. (NEXT PAGE)

I'm sending my only copy I have left of my P.D.R. Please make a copy and send me my only original back. Please! I humbly pray that you submit this P.D.R. and Restart my time. I'm doing my on appeal cause my lawyer filed an Anders brief on me. I don't really know much about what I'm doing except that I've stayed religious about timely filing for extentions and briefs.

You can check my records on this case up until this timely filing. please try to contact polunsky law library and mail room to see if they even sent my legal mail out on October 13 2014. I recieved my indigent mail pack back the next night with a blank order sheet, like always, but they wan't give me any information about my legal matt' please fix this for me Mr. Acosta Thanks GOD BLESS YOU!

Sincerly

Billy Willingham

Polunsky Unit

F.M. 350 South

Livingston Texas 77351

What is this? CCA. P.D-1091-14 #1874584

Trial court Case# 114·0106·1388872

Case# 06·13·00145 CR

## I.

No. 06-13-00145-CR

IN THE

COURT OF CRIMINAL APPEALS
OF TEXAS

BILLY Bob WILLINGHAM
Appeallant/Petitioner

VS.

THE STATE OF TEXAS
Appeallant/Respondant

APPEALLANT'S PETITION FOR DISCETIONARY REVIEW

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Appeallant/Petitioner respectfully submits this Petition For Descretionary Review and moves that this Honorable Court grant review of this Cause and offers the following in support of:

# II.

## STATEMENT REGAURDING ORAL ARGUMENT

The Appeallant/Petitioner requests oral Argument in this CASE because such Argument may Assist the Court in Applying the facts to the issues raised. It is suggested that oral Argument may help simplify And clarify the issues,

## STATEMENT OF THE CASE

Appeallant was indicted in Smith County for the third degree felony offense of evading Arrest. CRI TEX. PENAL CODE ANN.§ 38.04 (B)(2)(A) (West 2012). The base offense was enhanced by the inclusion of two felony conviction to AN habitual twenty-five years to life punishment range CRI TEX. PENAL CODE ANN.§ 12.42(d) (WEST) 2012. ON JUNE 5, 2013 Appeallant entered A plea of not guilty to the charged offense. VI RR 10. After hearing the evidence At trial, the Jury found Appeallant guilty of offense. Appeallant elected Jury to Assess punishment, And following evidence And argument Assessed his punishment At 99 years confinement Texas Department of Criminal Justice. VII RR; CR 30 72.

# III.
## STATEMENT OF PROCEDURAL HISTORY

IN CAUSE No. <u>06-13-00145-CR</u> the Appeallant/petitioner was charged with the offense of <u>EVADING ARREST w/ Vehicle</u>. The Appeallant/petitioner was convicted of such offense on <u>June 5, 2013</u> And Appealled the conviction. On <u>July 16, 2014</u> the Smith County Court OF Appeals affirmed the conviction.

On <u>October 13, 2014</u> this petition For Descretionary Review was timely fowarded to the Court of Appeals for filing pursuant to Rule 9.2 (B); TEXAS RULES of Appeallant Procedure

Appellant PRO SE:

<u>Billy Bob Willingham Jr.</u>
#1874584 Polunsky Unit
3872 F.M. 350 South
Livingston, Texas 77351

Appellee: <u>THE STATE OF TEXAS</u>:
Appeallant Counsil:
<u>Micheal West</u>
Smith Co Criminal Dis Att office
100 North Broadway
Tyler Tx 75702

# III.

## TABLE OF Authorities

p.6    Arizona vs Youngblood 488 US. 51,58.
109 Sct 333 File 301 Sw 3d 410 p.11.

p.5    Miranda vs. Arizona   384 US. 436 Sct.
1602 (1966)   Criminal Law Cases
(4192, (3) 517.2 (3) 518

p.5    Texas Codes and Criminal Procedures
38.22 + 38.23

p.5    Texas Constitution   Article 1 Sec 9

p.1,2,+8   Texas penal Codes Ann. §§ 38.04

p.4    Texas Rules of Evidence (609), 707+803

p.3    (345 Sw. 3d (742-746)

p.3    (331 Sw. 3d (815 - 829)

<u>Ground I.</u> The court of criminal appeals erred by failing to further address appellant's 4th point of error, "Gravemen of Offense".

<u>Argmt:</u> The court of appeals commented that I, "<u>correctly</u>" pointed out, an oddity in the law. There next statement puzzled me! They said the letter of the law gave the court jurisdiction to charge "Evading Arrest w/ueh", as they choose, As a state jail felony, or a 3rd degree felony. When in fact, the written letter of the law says nothing at all ~~about~~ about giving the state the oppurtunity of "multiple choice". The written letter of the law is very clear and specific about the changing issues.

TEX PENAL CODE ANN § 38.04 (B) (1) (A)

The offense of Evading Arrest or detition is a class B misdemeanor unless it

becomes a state jail felony if the actor has previously been convicted under this section, _or_ uses a vehicle.

This is the offense I should've been charged with, by law. It was my first time ever "Evading Arrest W/veh", the court skipped charging me with a state jail felony, and charged me with a 3rd degree felony, so they could enhance me to a habitual. You can't enhance a state jail felony to a habitual, by law. The state failed to meet the burden of proof required by law for the offense they charged me with, under Sec. (B) (2) (A), the law clearly states a person who evades arrest using a vehicle, _and_ having been previously convicted of "Evading arrest or detition". Two requirements to be met. To prove a person

2.

guilty of 3rd degree felony offense, the state is required to introduce evidence of defendant prior conviction for "Evading arrest or detition". at the guilt and innocense phase of trial.

This burdon of proof and requirement of the law was not met by the state in my trial at the guilt and innocense phase. refer to laws (345) S.W. 3d (742-746) and also, (331) S.W. 3d (815-829).

Question: Can an offense of Evading Arrest, which is origanally a class B misdemeanor, being already enhanced twice, to a 3rd degree felony "by simular offenses", be enhanced again, by two non-simular felony offenses? I am a non-violant offender, neither of my 1st offenses were aggruvated or 3g, the were not sane or simular offenses as Evading Arrest, So is it lawful to use

3.

them to enhance a felony that has already been enhanced once from a class A misdemeanor without the burden of proof required by law. Also, both the felonies used were over 10 years old. Rule 609 - Rules of evidence states that you can't use felonies over 10 years old to empeach a person! How can they use 2 felonies over 10 years old and say I'm a habitual, that I have a habit of committing felonies since its been over 10 years since I committed one, or that I have a habit of repeating the commission of same or similar offenses when neither of the offenses were similar to "Evading Arrest". Is that not "Double Jeopardy" and a violation of my 5th and 8th Amendment Rights of the Constitution.

4.

Ground II: The court of appeals erred by using the wrong standard of review in disposing of appellants illegal and insufficient evidence claim, ground #3 in brief.

Argument: The evidence that was presented in court was illigally obtained by secret, with hidden mic & video, while defendant was under con custodial interrogation, as shown in brief and records. The defendant was intoxicated, under mental deress, and being subjected to excessive force, of camera, being coerced, without knowledge of being recorded, without miranda warnings. Miranda Vs. Arizona 384 U.S. 436, 8ct (1966) 1602. Criminal law cases (4122, (3) s172 (3) 518). In violation of Article 1 Sec 9 of Texas Constitution and article 38.23 + 38.22 of Texas codes and Criminal procedures.

5.

This is also a direct violation of the defendants Fourth, fifth, eigth, and fourtenth amendments rights. (Arizona Vs Youngblood 488 Us. 51, 58, 109 S.ct. 333 File 301 Sw. 3d 410 p. 11) The illegally recorded statement was also taken out of context, when defendant was questioned and recorded, it was after a short foot chase, which is "fleeing", the evasion of a police officer", and the statements made by the defendant were in reference to the foot chase, not an admission of driving the car or "Evading an Arrest", The Statement were also answers to direct questions made by officer "Why were you running, "fleeing". As stated in officers offense report in C.R. Vol 1 of 1  p. 3 of 5 p. (00003) Sent. 21. dn sentences 30-33; it's obvious that I didn't feel like I had done anything serious! I thought what I did was a misdemeanor, although I had misdemeanor warrents out of 3 courts to it

6.

out, I didn't feel I had done anything wrong to constitute an arrest! I told the officer I wasn't driving, he searched for the driver at least 10 min on camera behind patrol car, and when asked about it in ~~by parts~~ ~~hearing~~ re-cross examination he said ~~he~~ was doing administrative things, also in the re-cross examination, vol 6of7 RR. ~~p4757~~ p.54-70 my lawyer proved beyond a reasonable doubt, that he was just guessing and really didn't know what went on, the video tape speaks for itself, it shows the car stopped, as I was crawling over to the driver seat and ~~taking off~~ again, after the driver got out! The record also reflects in CR. vol 1of1 p.0005 that the car wasn't mine, and wasn't in my name, although it was continually said in court. Suspects Vehicle "ME"

2.

In Texas Penal Code Ann § 38.04 (A) the law clearly states, a person commits an offense if he intentionally flees from a person he knows is a police officer that attempting to arrest _him_. a person commits the offense _only_ if he knows a police officer is attempting to arrest him. The record reflects that the police officer had no reason or intent to arrest anyone! He stated himself the driver failed to use turn signal, a minor traffic violation, a written citation, not an arrest! As stated in my statement of facts in brief, his vehicle did look or sound like a police vehicle, at first the driver pulled into the center lane so it could pass, but it was way behind us, and wasn't ever reaching speeds of 110mph a 4-door malibu family car, with a governer

8.

that cuts off at 87mph, left the vehicle like it was standing still, so he never could've got up to 110 mph, he never said he radared us, but stated we were going, over 110 NO-WAY, and we were across the street from my dads, the driver missed my dads driveway and pulled over, we were just going to my dads to park the car, so it wouldn't get towed, and I got 99 years for driving the last 100 yards of the chase, The driver got away clean! I thought they saw him though and I told the officer I wasn't driving, on the scene, my lawer and Judge in court, ex parte hearing R.R. vol 6 of 7 p. 47-52.

Until this point I didn't know the D.P.S. was n't going to motion anyone else and try to stick me with it, and up until this point in the trial, I had

9.

spoke to my attorney twice, and all we did was argue about the charging of the offense & the enhancements, cause I thought I shall've had a state jail felony at the most for what I done, I admitted to my attorney I drove the last 100 yards, he said then your guilty you better plea out for 30 years, I could'nt do it, my 1st offense of "Evading in a veh", something I thought was a misdemeanor and the law said was a STATE jail felony! On the ex parte hearing he admitted this, and tried to quit being my attorney! I was also denied my right to call a witness, denied a continuance for Court of Appeal reasons or something. I feel my 5th, 6th, 8th & 14th amendment rights, were violated.

10

of being honest with the police officer about my intention for fleeing on foot, we were 100 yds in the woods", cause I had misdemeanor warrents out of 3 counts, 10,000 worth of tickets to sit out! That was the world of troubles I had, move from county to county sitting out tickets, cause I couldn't pay them. If that considered that I was resisting an arrest, then I feel I deserve a state jail felony. But if the burden of proof is on the state to proof that the Peace officer had a lawful reason to arrest me, and his intentions were to arrest me, and to prove I knew he was trying to arrest me or had reason to, then they failed, the record reflect otherwise. And the law states its intentions specifically.

11.

Procedural considerations > Burden of proof Beyond reason. The appellate court failed to measure the legal sufficiency of the evidence against a hypothetically correct Jury charge are sufficient in character weight, and amount to justify a fact finder in concluding that every element of the offense has been proven beyond a reasonable doubt and is adequate to support a conviction; the ultimate question is wheather the Jury's finding of Guilt was a rational finding.

Even though my lawyer knew I wasn't driving, he still didn't relay that to the Jury, or present an alternative scenerio with a driver failing to outspird connecting evidence most favorable to the defendant which would translate unrelieved uncertainty into acoluf from the evidence, Beyond a reasonable Doubt."

12.

# SUMMARY

The appellant humbly prays for Justice and mercy to be shown. I have re-dedicated my life to christ, got me G.E.D, and will soon be enrolled in college course. I have tried to make the best of this bad situation. I feel like me court appan attorney was working with the state to try an get a conviction, he never came to see me but twice in the 6 mos I was in Smith Co Jail and all we did was argue about the charge, he said he couldn't get me the lesser included offense, or the enhancement dropped. He advised me not to take the stand and to wait til arraignment so he could try to get them to come off 30 year 5 days before my trial he said that I had pissed someone off, they wanted to hang me out to dry, and he could'nt get them to come of the 30 years plea agreement.

13.

The law I fell under says my crime is punishable by "state Jail felony", so I refused to sign for 30 years, and went with my heart & mind, and I hope & pray that the higher courts seek Justice & mercy for me.

When I didn't sign for the (30), they took it out on me, my lawyer said if I didn't take the (30) I would get life, well I got 99 years for my 1st time ever "Evading Arrest" when the state clearly failed to note the "Burden of proof" required by law. They didn't prove I had a previous "Evading Arrest" in guilt and Innocence phase of trial! A requirement of 38.04 to charge a person with 3rd degree felony offense. They failed to proof the officer's right or intent to arrest me, and to prove I knew his intention or that he was a police. So, I received 99 years for the person I was riding with not using his turn signal & fleeing, wow! I feel the Court of Appeals erred in not address any of my issues!!

14.

# PRAYER FOR RELIEF

Appellant respectfully prays that this court grant review and, after full briefing on merits, issue an opinion resolving this important issue so that the bench and bar of this state will know how to address simular issues in the future. Appellant humbily prays for acquittal, and case in this brief be remanded back to court, 114th District Court, for recharging & sentencing of the lesser secluded offence, as the two cases that are presented in this brief.

# CERTIFICATE OF SERVICE

I certify that a copy of the forgoing motion has been mailed to the office of the Criminal District Attorney for Smith Co (Mike West), 100 N. Broadway 4th Floor, Tyler, Tx, 75702, and mailed via U.S. mail, to the office of the State Prosecuting Attorney, P.O. Box 12308, Austin Tx 78711, On this DAY, October 13, 2014.

Respectfully Submitted,

Billy Bob Willingham

15.



Billy Willingham #1874584
Polunsky Unit
3872 F.M. 350 South
Livingston, Texas 77351

Court of Criminal Appeals of Texas

P.O. Box 12308, Capitol Station

Austin, Texas 78711

LEGAL MAIL!